**400**

Lonsdale Company
vs.
Charles Fierstein

No. 45175

DECISION

September 5, 1919

BROWN, J. On motion to strike out counts.

The first three counts of the declaration are framed in trover and conversion. The defendant offers no objection to these counts. He moves, however, to strike out the 4th, 5th, 6th and 7th counts "because of the impropriety, immateriality and insufficiency of each" of said counts, and further, "because at the trial of said cause said counts and the matters therein alleged are likely to be highly prejudicial to the rights of this defendant".

In the counts complained of, the plaintiff seeks to state a case in accordance with the provision of General Laws, 1909, Ch. 283, Sec. 16, which is as follows: Whenever any person shall

suffer any injury to his person, reputation, or estate, by reason of the commission of any crime or offence, he may recover his damages for such injury, either in an action of trespass, or in an action of the case, against the offender; and it shall not be any defence to such action that no criminal complaint for such crime or offence has been made; and whenever any person shall be guilty of larceny, he shall be liable to the owner of the money or articles taken for twice the value thereof, unless the same be restored, and for the value thereof in case of restoration.

In the 4th count it is alleged that the defendant on divers days in September, October, November and December 1918 and January and February 1919, feloniously did steal, take and carry away 150,000 yards of cotton cloth and 10,000 pounds of cotton cloth remnants, goods and chattels of the plaintiff, of the value of $45,000, which the defendant converted to his own use, whereby an action hath accrued to the plaintiff under and by virtue of the statute to have and recover of the defendant $90,000, being double the damages in that behalf sustained.

In the 5th count it is alleged that

**401**

during the time above mentioned the defendant feloniously did receive the above mentioned goods and chattels, of the value of $45,000, then lately before stolen, taken and carried away out of the plaintiff's possession by one Edward S. Allen, and one Robert Wright, he, the said defendant then well knowing the said goods and chattels to have been feloniously stolen from the plaintiff, which goods the defendant converted to his own use, whereby an action hath accrued to the plaintiff under and by virtue of the statute to have and recover of the defendant $90,000, being double the damages in that behalf sustained.

In the 6th count it is alleged that the defendant, Edward S. Allen, and Robert Wright during the time above mentioned did amongst themselves un-

lawfully conspire feloniously to steal the afore mentioned goods and chattels, and that in pursuance of, and according to the said conspiracy, the said Allen and Wright did feloniously steal the said goods, and that the defendant feloniously did receive said goods well knowing them to have been feloniously stolen which the defendant converted to his own use, whereby an action hath accrued to the plaintiff under and by virtue of the statute to have and recover of the defendant $90,000, being double the damages in that behalf sustained.

In the 7th count it is alleged that the defendant during the time mentioned did aid, assist and abet Edward S. Allen and Robert Wright to feloniously steal said goods and chattels, which said goods and chattels, the defendent, well knowing to have been feloniously stolen from the plaintiff, did feloniously receive and convert to his own use, whereby an action hath accrued to the plaintiff under and by virtue of the statute to have and recover of the defendant $90,000, being double the damages in that behalf sustained.

. It will be observed that in the several counts complained of, it is alleged that the defendant either stole the goods mentioned and converted them to his own use, or knowing them to have been stolen fraudulently received and converted them to his own use.

In either case he is liable under the statute for double their value.

He is so liable under the statute already recited above.

### 402

Ch. 345, Sec. 13, provides as follows: Every person who shall fraudulently receive any stolen money or other article knowing the same to be stolen shall be deemed guilty of larceny, although the person who stole the same may not have been prosecuted or convicted therefore.

If, therefore, he received the goods in the manner and circumstances alleged, he was guilty of larceny in so doing in accordance with the statute last recited, and is liable in double their value in accordance with the statute first above recited.

The plaintiff in stating his case differently to meet such contingencies as not infrequently arise where a party must rely on parole evidence to prove his case is only resorting to the precautions usually employed by good pleaders in such cases.

The facts alleged are only such as are proper to state a case under the statute invoked and do not appear to be prejudicial to the defendant's rights.

The motion to strike out is denied.

For plaintiff: Greenough, Easton & Cross.

For defendant: Cooney & Cahill.